S. JACOBS BERNHEIM & CO. v. CUMBY & JAMES.

(No. 1443, Op. Book No. 3, p. 493.)

APPEAL from Hopkins County. Opinion by HURT, J.

**§ 586.** *Agent; declarations of, as evidence to bind principal.* Appellees recovered judgment against appellants for the value of a horse killed by overdriving by one Harby, alleged to be appellants' agent. On the trial appellees were permitted to prove, over the objections of appellants, that Harby, the alleged agent, had testified on a former trial of the cause that at the time he hired the horse from appellees he was in the employ of appellants, and was using the horse when he was killed, in the business of appellants. *Held,* this evidence was of the first importance viewed in the light of the other testimony. Was it competent? Most evidently it was not. Mr. Greenleaf states the rule thus: "A kindred principle governs in regard to the *declarations of agents.* The principal constitutes the agent his representative in the transaction of certain business; whatever, therefore, the agent does in the lawful prosecution of that business is the act of the principal whom he represents. And where the acts of the agent will bind the principal, there his

representations, declarations and admissions, respecting the subject matter, will also bind him, if made at the same time, and constituting part of the *res gestæ.* They are of the nature of original evidence, and not of hearsay; the representation or statement of the agent, in such cases, being the ultimate fact to be proved, and not an admission of some other fact. But it must be remembered that the admission of the agent cannot always be assimilated to the admission of the principal. The party's own admission, whenever made, may be given in evidence against him; but the admission or declaration of his agent binds him only when it is made during the continuance of the agency in regard to a transaction then depending, *et dum fervet opus.* It is because it is a verbal act, and part of the *res gestæ,* that it is admissible at all, and, therefore, it is not necessary to call the agent to prove it; but whenever what he did is admissible in evidence; there it is competent to prove what he said about the act while doing it; and it follows that, where his right to act in the particular matter in question has ceased, the principal can no longer be affected by his declarations, they being mere hearsay." [1 Greenl. Ev. § 113.] What was the particular matter in question in the case in hand? Evidently the hiring of the horse by the agent to be used in the business of the principal. This certainly had ceased, and being after the horse was dead, declarations of the agent in regard to this matter were not admissible.

November 8, 1882.          Reversed and remanded.